**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lee TERRY, Defendant–Appellant.**

**No. 90–2644.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 13, 1990.

Decided April 15, 1991.

Richard N. Cox, Asst. U.S. Atty., Office of the U.S. Atty., Danville, Ill., for plaintiff-appellee.

Michael R. Cornyn, Thomas, Mamer & Haughey, Champaign, Ill., for defendant-appellant.

Before CUMMINGS, COFFEY and MANION, Circuit Judges.

CUMMINGS, Circuit Judge.

Defendant Lee Terry pled guilty to armed robbery of the Central Illinois Credit Union in Champaign, Illinois, in violation of 18 U.S.C. § 2113(a) and (d). This Court vacated Terry's first sentence of 130 months in custody and five years of supervised release after finding that the district court had not articulated sufficient reasons for departing upwards from the range dictated by the Sentencing Guidelines. *United States v. Terry*, 900 F.2d 1039 (1990). On remand, the district court again departed upward from the applicable range and sentenced Terry to 105 months in prison to be followed by a five-year term of supervised release. For the reasons that follow, we must vacate this second sentence and remand for further proceedings.

At the resentencing hearing held on July 25, 1990, the parties agreed that the applicable Offense Level is 22. The parties also agreed that the proper Criminal History Category for Terry is IV, based on an award of 8 criminal history points. Judge Baker assigned Terry 3 points for a 5–12 year sentence imposed after he was convicted of armed robbery of a Zayre store in 1971. The court awarded another 3 points for a 5–15 year sentence Terry received for burglarizing the Champaign Loan and Building Company in 1976. The last 2 points were awarded for a 188–day sentence imposed in 1984 for aggravated battery. The Guidelines range for a defendant with an Offense Level of 22 and 8 criminal history points is 63–78 months.

The district court decided to depart upward from the Guidelines range, however, after considering events in Terry's criminal history which were described in the presentence report but had not been taken into

account in computing Terry's Criminal History Category. In 1969, while serving in the U.S. Army, Terry had been fined in a summary court martial proceeding for possession of a straight razor and knife. In January 1976, he had been charged with two residential burglaries in Champaign, Illinois, at the same time police arrested him for burglarizing the Champaign Loan and Building Company. The charges for the residential burglaries were dropped after Terry pled guilty to the Loan and Building burglary. These episodes from Terry's past [1] led the court to conclude that Criminal History Category IV did not adequately characterize the seriousness of the defendant's past criminal conduct. Therefore the court added 5 criminal history points, putting Terry in Criminal History Category VI. The court stated:

> Without a departure, there is no disagreement that 8 [points] would fix the Criminal History Category at IV. However, there is a possibility of an additional 7 points from the residential burglaries and the court martial that I spoke about. Even scaling back the offenses, you could still have 5 additional points, 2 for each burglary and 1 for the court martial, which would raise the Criminal History points to 13 and escalate Terry to a Criminal History Category of VI for which the Guideline Sentence is 84 to 105 months.

*United States v. Terry*, No. CR88–20036 (C.D.Ill. July 26, 1990) (Order on Resentencing). Believing that Terry more closely resembled a Category VI offender than a Category IV offender, the court sentenced Terry to a maximum 105 months in prison and a five-year term of supervised release.

In this appeal, Terry questions the adequacy of the reasons for the departure as well as the magnitude of the departure.

ANALYSIS

A departure from the Guidelines is reviewed "to determine whether it was reasonable in light of the district court's explanations for its departure at the time of sentencing." *United States v. Gaddy*, 909 F.2d 196, 198–199 (7th Cir.1990). The three-step review proceeds as follows:

> First, we determine whether the court has adequately stated grounds that justify departure. This is a question of law and we apply a *de novo* review. Second, we determine whether the facts that underlie the grounds for departure actually exist. We accept the district court's factual findings unless they are clearly erroneous. Finally, we review the degree of departure. The degree of departure must be linked to the structure of the Guidelines. We give deference to the district court's findings on what degree departure is appropriate so long as it adequately reflects the structure of the Guidelines.

*Gaddy*, 909 F.2d at 199 (citations omitted). With these standards in mind, we review the grounds for departure considered by the district court in turn.

*Summary Court Martial*

■ The 1969 summary court martial is not a proper ground for a one-point departure for two reasons. First, it happened too long ago. Congress has limited departures from the Guidelines to circumstances "not adequately taken into consideration" by the Commission. 18 U.S.C. § 3553(b). United States Sentencing Guidelines § 4A1.2(e)(2) provides that sentences of 13 months or less can be counted in the criminal history calculation only if they were imposed within 10 years of the instant offense, which occurred here in 1988. The next subsection explicitly disallows the counting of sentences that are more remote in time. U.S.S.G. § 4A1.2(e)(3). In this

---

1. The district court discussed two other factors warranting departure. Specifically it noted the similarity between one of Terry's prior criminal offenses, the 1971 armed robbery, and the instant crime. It also weighed the fact that Terry had previously committed crimes while incarcerated and on parole.

While the court reasoned that these factors could indicate that a Criminal History Category of IV underestimated Terry's potential to commit future crimes, it did not explicitly rely on them when adding five points to Terry's criminal history. As such, we will not review these asserted grounds for departure.

case the district court reached back 19 years from the time of the armed robbery of the Central Illinois Credit Union to consider a court martial that resulted only in the imposition of a fine. The Commission gave adequate consideration to circumstances like those contained in Terry's record, concluding that "offenses long ago, ending in small sentences * * * should not be counted." *United States v. Fonner*, 920 F.2d 1330, 1334 (7th Cir.1990). The use of Terry's stale conviction was improper.

The Guidelines also explicitly prohibit the counting of military sentences imposed by a summary court martial. U.S.S.G. § 4A1.2(g). Again, the Commission has considered a factor and determined that its use in calculating the Criminal History Category is inappropriate. The district court may not re-introduce a factor considered and rejected by the Commission for the initial criminal history computation as part of a subsequent departure analysis.

*Residential Burglaries*

 The district court believed that Terry resembled a Category VI offender rather than a Category IV offender in part because of two prior charged burglaries in 1976. The court reasoned that each burglary, "if carried to conviction and sentence" in state court, would have resulted in sentences over 13 months. For the purpose of calculating the Criminal History category, the Guidelines allow an assignment of 3 points for each prior sentence of imprisonment exceeding one year and one month.[2] U.S.S.G. § 4A1.1(a). In calculating a reasonable upward departure, the court settled on a four-point increase, 2 points for each burglary charge. The judge's scaling back of the possible award of 6 points was apparently a concession to the fact that the charges ultimately were dismissed.

Defendant argues that the district court erred because it improperly inferred that Terry committed the burglaries from records of his arrest. The defendant points out that the court had no information explaining why the charges were dismissed. He suggests that the police did not pursue prosecution efforts because of a lack of evidence. The presentence report does not show that Terry obtained dismissals pursuant to a plea agreement.

"Prior similar adult criminal conduct not resulting in a criminal conviction" can be grounds for an upward departure. U.S.S.G. § 4A1.3(e). Sentencing judges can consider whatever information they possess of prior criminal conduct, as long as that information is "reliable." U.S.S.G. § 4A1.3. Examples of reliable information of criminal conduct not resulting in a conviction include admissions by the defendant that he committed criminal acts for which he was never charged, *United States v. Spraggins*, 868 F.2d 1541, 1544 (11th Cir. 1989), and charges that were dropped after a witness failed to appear, *United States v. Gayou*, 901 F.2d 746, 748 (9th Cir.1990). At sentencing, prior criminal conduct need only be proven by a preponderance of the evidence to support a departure. *Fonner*, 920 F.2d at 1333.

As Terry points out, an arrest record by itself cannot be "reliable information" that defendant engaged in prior criminal conduct. U.S.S.G. § 4A1.3. Guided by the principle that all reliable information can be considered, however, "the guidelines allow the district court to go beyond the arrest record itself and to consider whether the underlying facts evidence 'prior similar adult conduct.'" *United States v. Williams*, 910 F.2d 1574, 1579 (7th Cir. 1990), certiorari granted —— U.S. ——, 111 S.Ct. 1305, 113 L.Ed.2d 240 (1991).

The sentencing court did not rely solely on Terry's arrest record in this case. The residential burglaries were described in the presentence report, which was prepared in turn from police investigation reports. These police reports were appended to the presentence report and were made a part of the record at the resentencing hearing. The investigation reports describe in detail the residential burglaries which were the

---

2. A sentence exceeding 13 months can be counted in the calculation of the Criminal History Category if it was imposed within 15 years of the instant offense. U.S.S.G. § 4A1.2(e)(1). Here the burglaries preceded the armed robbery of the Central Illinois Credit Union by 12 years.

basis of the court's decision to depart upward as well as the burglary at the Champaign Loan and Building Company for which Terry was eventually sentenced on his guilty plea. All of the burglaries were committed on the same day. At the time that Terry was arrested with his brother for the burglary at the Loan and Building Company, police recovered items stolen from the residences from the brothers' car. The police charged Terry for theft and burglary in connection with all the break-ins. Terry pled guilty to burglarizing the Loan and Building Company. The other charges were dismissed on the same day.

The police reports in this case supply "underlying facts" which at least arguably contain reliable information about Terry's prior similar adult conduct. The mere fact of an arrest for a crime, such as that which might be reported on an individual's arrest record, obviously cannot be used as reliable evidence that the defendant committed the crime. Here, however, police reports provided descriptions of the events and evidence which led the police to suspect Terry and then arrest him.

Because Terry failed to object to these underlying facts regarding the 1976 residential burglaries,[3] either in writing or orally at the resentencing, he cannot successfully oppose the upward departure for prior similar adult criminal conduct. In the recent case *United States v. Gaddy*, 909 F.2d 196 (7th Cir.1990), defendant Gaddy argued that the sentencing court erred in considering an arrest warrant for bank fraud "reliable" evidence. The defendant contended that an arrest warrant, like an arrest, could not be reliable evidence of a crime. He failed to object to the factual basis for the warrant, however. This Court held that in light of Gaddy's failure to object to the underlying facts, the district court did not err in accepting them as reliable. "Without the discussion of the issue that would have occurred had it been raised in the district court, we cannot find the district court clearly erroneous." *Gaddy*, 909 F.2d at 201.

Like the defendant in *Gaddy*, Terry does not challenge the underlying facts concerning his arrest for the 1976 burglaries, arguing instead that it was *per se* improper to consider an arrest which did not result in a conviction. Terry believes, for example, that the dismissal of those charges in his case "may well have resulted from a determination by the State's Attorney that this defendant did not commit the offenses charged." (App. Br. 9). Hypothetical arguments, however, cannot aid Terry when unaccompanied by a direct denial of the truthfulness of the underlying facts or some showing that they are unreliable. Terry simply does not deny his involvement in the 1976 burglaries detailed in the presentence report or the police records.

We agree with the defendant that the sentencing court should more precisely have indicated the information sources upon which it was relying when considering the residential burglaries and the reasons it believed the information to be "reliable." See *United States v. Williams*, 910 F.2d at 1580 ("The determination that * * * arrests indicated similar criminal conduct must be based on facts apart from the arrest record itself and articulated as such by the district court"). However, in this case the record is clear that Terry's arrest record was not the sole basis for the upward departure. Terry also failed to object to the reliability of the facts contained in the presentence report. We will uphold the upward departure, though we admonish sentencing judges in the first instance to identify the sources describing prior criminal conduct and to comment on their reliability.

## CONCLUSION

The district court's finding that Terry

---

**3.** Terry had adequate notice that the burglaries could be used as a basis for departure. The presentence report clearly states that the infor-

mation contained in the "other criminal conduct" section, which contained a synopsis of the

engaged in prior similar criminal conduct[4] is not clearly erroneous and thus departure on that ground is warranted. Because the summary court martial was improperly considered, however, the case must be remanded for resentencing. Using the district court's own calculation, Terry should be considered as having 12 criminal history points and thus is comparable to a Category V offender. Disregarding the one-point departure for the summary court martial, Terry has 8 criminal history points for prior sentences and 4 points for prior similar criminal conduct. He should be sentenced in the 77–96 month range.

The sentence is vacated and the case is remanded to the district court for resentencing, with instructions.

burglaries, could be considered by the sentencing court as a ground for departure.

**4.** Similarity is not seriously contested. The crimes of burglary and armed robbery have a similar potential for violence.