72 F.3d 132
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Leroy L. SCOTT, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1057.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1995.*
Decided Dec. 11, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Leroy Scott brought this action, pursuant to 28 U.S.C. Sec. 2255, challenging his sentence for a drug trafficking crime. The district court denied relief, and Scott appealed. We affirm.
 
 ANALYSIS
 
 2
 Scott was convicted of one count of possessing cocaine base with intent to distribute it and sentenced to 144 months' imprisonment. His conviction and sentence were affirmed on direct appeal. See United States v. Scott, 19 F.3d 1238 (7th Cir.1994), cert. denied, 115 S.Ct. 163 (1994). Scott raises two issues in his Section 2255 petition: 1) that he was denied effective assistance of counsel because counsel did not raise the issue of a Fed.R.Evid. 615 violation on direct appeal; and 2) that a prior conviction was improperly utilized in calculating his criminal history for sentencing purposes.
 
 
 3
 The second claim fails for two reasons. First, Scott raised this issue on direct appeal, and this court rejected the argument. See Scott 19 F.3d at 1246. Res judicata does not apply in Section 2255 proceedings, but law of the case does. See Daniels v. United States, 26 F.3d 706, 711-12 (7th Cir.1994); United States v. Taglia, 922 F.2d 413, 418-19 (7th Cir.1991), cert. denied, 500 U.S. 927 (1991). Scott has presented no reason why this court should reassess its prior decision. Second, challenges to guidelines calculations, absent extraordinary circumstances, are not cognizable in a Section 2255 petition. See Soto v. United States, 37 F.3d 252, 254 (7th Cir.1994); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993). Scott has shown no such extraordinary circumstances.
 
 
 4
 Scott also claims that his counsel was ineffective because counsel failed to raise the issue of a Fed.R.Evid. 615[1] violation on appeal. To prevail on a claim of ineffective assistance, the prisoner must show that counsel's performance fell below an objective standard of reasonableness ("performance prong") and that the deficient performance so prejudiced the defense as to deprive the prisoner of a fair trial ("prejudice prong"). United States v. Trevino, 60 F.3d 333, 338 (7th Cir.1995).
 
 
 5
 As to the Rule 615 violation itself[2], defense counsel objected to the witness, Mr. Fenley, testifying after Fenley's brief appearance in the courtroom while another witness, Ms. Herbst, was testifying. (Record # 28, Hearing Transcript at 130-31.) The magistrate judge denied the objection on the grounds that Fenley's entry into the courtroom was inadvertent and the testimony he overheard was immaterial. (Id. at 131). However, even though defense counsel did not raise this issue on appeal, Scott cannot show prejudice.
 
 
 6
 "Absent evidence of prejudice, collusion, or willful violation," it is within the district court's discretion to allow a witness to testify after a Fed.R.Evid. 615 violation. United States v. Gammon, 961 F.2d 103, 105 (7th Cir.1992). The magistrate judge clearly did not abuse his discretion in allowing Fenley to testify. Fenley was in the courtroom only briefly, and his entry into the court room was inadvertent. There was no evidence of any collusion. Further, Rule 615 is designed to prevent witnesses from fashioning their testimony to match the testimony already given and to assist the court in detecting untruthful testimony. Id. Fenley testified in conformity with his prior statements and differently than Herbst as to the significant issue. (See Record # 28, Hearing Transcript at 100, 101, 103, 123, 133, 136). As the Fed.R.Evid. 615 claim is meritless, counsel was not ineffective in electing not to raise it.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Fed.R.Evid. 615 provides, in relevant portion: "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion...."
 
 
 [2]
 As an initial matter, we note that most of Scott's arguments pertain to what occurred after the Rule 615 violation--Ms. Herbst's desire to recant her testimony and the district court's decision to reopen the hearing to allow her to do so. These matters were reviewed on direct appeal and decided in the government's favor. See Scott, 19 F.3d at 1242-43. Scott has again presented no reason for the court to revisit its prior decision