**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2009
Decided December 15, 2009

**Before**

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2342

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 08-CR-916 |
| SAID AYESH, | |
| *Defendant-Appellant*. | Samuel Der-Yeghiayan, *Judge*. |

**O R D E R**

Said Ayesh pleaded guilty to attempted international parental kidnaping. *See* 18 U.S.C. § 1204(a). He was sentenced to a term of 35 months, which was 5 months more than the upper end of his guideline range (24-30 months) and 1 month short of the statutory maximum. Ayesh challenges his sentence on this appeal. Here are the facts.

Ayesh lived for several years in Illinois with Munah Bamieh before the pair went back to Jordan, where both are citizens. When Bamieh became pregnant, she returned alone to the United States. The couple had agreed that their child should be born here to gain citizenship, but after the birth Bamieh refused to rejoin Ayesh in Jordan and even denied

that he was the father of her child.  Ayesh, in turn, entered the United States illegally, and eventually confirmed his paternity and won visitation in the Circuit Court of Cook County.

Threats from Ayesh and members of his family did not persuade Bamieh to go back to Jordan with the child, so Ayesh plotted to kidnap her.  He acquired a Jordanian passport for the child, forged Illinois identity documents with aliases for the two of them, and stole his own passport from the office of a lawyer who apparently was holding it under a court order.  He made financial arrangements to pay for two one-way plane tickets to Jordan that he planned to acquire in New York.  Then, during a routine visitation, Ayesh took the child out of the geographical boundaries prescribed by the Illinois state court and traveled with her to Indiana, where he paid two accomplices for a ride to New York.  They made it as far as Toledo, Ohio, before they were stopped.

The district court adopted the factual findings in the presentence investigation report, which detailed a conviction for battering a woman whose air conditioner Ayesh had been hired to fix, as well as reports underlying arrests for threatening Bamieh and battering a former domestic partner and another female customer.  The district court calculated a guidelines imprisonment range of 24 to 30 months, which Ayesh concedes is correct.  In going above that range, the district court explained that a longer term was necessary to deter Ayesh from committing more crimes.  The court further observed that Ayesh's plan required extensive premeditation and, if successful, would likely have deprived Bamieh of access to her child.  The court highlighted the need to promote respect for federal and state law, given Ayesh's disregard for both.

On appeal, Ayesh first argues that the district court improperly inflated the need for deterrence by considering not only his conviction, but also the conduct underlying his arrests that did not result in conviction.  Yet even under the old regime of mandatory guidelines, U.S.S.G. § 4A1.3 allowed a sentencing court to consider reliable evidence of adult criminal conduct not resulting in conviction.  *See United States v. Johnson*, 427 F.3d 423, 428 (7th Cir. 2005); *United States v. Terry*, 930 F.2d 542, 545 (7th Cir. 1991).  Ayesh did not contest the reliability of the information incorporated into the presentence report, except to contend at oral argument that evidence of an offense is *never* reliable until it results in conviction.  But that is not the law.

Ayesh next argues that the district court grounded its sentencing decision not in the factors set out in 18 U.S.C. § 3553(a), but instead in its bias against a man whose actions it deemed "reprehensible," and in naked speculation that Bamieh's chances of regaining custody would have been slim if the kidnaping had succeeded.  But kidnaping attempts *are* reprehensible, and saying so doesn't make a judge biased.  And the accusation of

"speculation" is unfounded; the court had before it the government's undisputed evidence that the United States lacks a legal mechanism for enforcing state court custody determinations in Jordan. Plus, securing the return of kidnaping victims from a country like Jordan, which is not a party to the Hague Convention on the Civil Aspects of International Child Abduction, seems highly unlikely at best.

Ayesh is on better footing when he argues that major variances from the guidelines range need stronger justifications than minor ones. *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007); *United States v. Presbitero*, 569 F.3d 691, 707 (7th Cir. 2009). *But see United States v. Bartlett*, 567 F.3d 901, 909 (7th Cir. 2009) (clarifying that district courts need not explain their decisions "from the Guidelines' perspective"). Yet a variance of 5 months above a range ending at 30 isn't very large, and the district court here gave adequate reasons for the sentence it imposed, consistent with the § 3553(a) sentencing factors. *See United States v. McIntyre*, 531 F.3d 481, 483 (7th Cir. 2008).

Finally, Ayesh argues, based on § 3553(a)(6), that he must be resentenced to avoid causing a nationwide sentencing disparity. But the perceived disparity is illusory; his sentence is actually *lower* than the sentences imposed in half of the cases cited by the parties. In any event, § 3553(a)(6) addresses only *unwarranted* disparities, *see United States v. Statham*, 581 F.3d 548, 556 (7th Cir. 2009); *Bartlett*, 567 F.3d at 908, 909, and the district court here sufficiently justified a sentence 5 months above the guidelines range.

Accordingly, the judgment of the district court is AFFIRMED.