*United States v. Chatman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-four.

PRESENT:

> AMALYA L. KEARSE,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee*,

      v.                          No. 23-7895

TALMAGE CHATMAN,

      *Defendant-Appellant*.

_____

**For Defendant-Appellant:**  YUANCHUNG LEE, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

**For Appellee:**  GILBERT M. REIN (Susan Corkery, *on the brief*), Assistant United States Attorneys *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 16, 2023 judgment of the district court is **AFFIRMED**.

Talmage Chatman appeals from a judgment following his guilty plea to possession of ammunition after a felony conviction in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Chatman to 48 months' imprisonment to be followed by three years of supervised release.  On appeal, Chatman contends that his above-Guidelines sentence was procedurally and substantively unreasonable.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the procedural reasonableness of a sentence for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  A sentence is

2

procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [section] 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). Chatman argues the district court made two procedural errors, which we address in turn.

*First*, Chatman contends that the district court improperly applied a four-level enhancement to his base offense level because the relevant video evidence did not show, by a preponderance of evidence, that Chatman "possessed a[] firearm or ammunition in connection with another felony offense," specifically, attempted assault under New York law. U.S.S.G. § 2K2.1(b)(6)(B). We disagree.

In assessing the four-level enhancement under section 2K2.1(b)(6)(B), the district court principally relied on a New York Police Department ("NYPD") surveillance video compilation of the conduct underlying Chatman's section 922(g)(1) conviction. The video shows Chatman walking down the middle of East 95th Street in Brooklyn, in broad daylight with no pedestrians present, before he lifts his arm and steadies a firearm. He then lowers and lifts the firearm,

3

apparently taking aim at an object out of frame, as he quickly walks forward. A loud screech of car tires is heard. Chatman then fires a shot, still aiming out of frame. After the shot, Chatman lowers the gun and walks several steps forward in the direction he had been aiming. He then raises his weapon again and fires four more shots in rapid succession as he continues to walk in that direction. Chatman then turns around and begins running. Based on this video, we cannot say that the district court committed clear error in concluding, by a preponderance of the evidence, that Chatman engaged in an attempted assault in the second degree, defined under New York law as conduct "inten[ded] to cause physical injury to another person . . . by means of a deadly weapon or a dangerous instrument." N.Y. Penal Law § 120.05(2).

Relying on *United States v. Legros*, 529 F.3d 470, 475–77 (2d Cir. 2008), in which we concluded that shots fired "into the air" in a residential area did not support a section 2K2.1(b)(6) enhancement, Chatman argues the video does not show whether his target was a person, as opposed to an object or unoccupied open space. But the sequence of events depicted in the video and reasonable inferences drawn therefrom – including the screech of the tires, Chatman's repeatedly taking aim, his firing of multiple shots before and after lowering his weapon, and his

4

continued movement in the direction he was aiming – all support the district court's conclusion that Chatman intended to target another person in an occupied car. Because the district court did not clearly err in inferring that Chatman intentionally fired the gun at someone outside the frame, its application of the section 2K2.1(b)(6)(B) enhancement was not procedurally unreasonable.

*Second*, Chatman contends the district court erred by relying on a pending state indictment, which charged Chatman with the sales of controlled substances while he was on pretrial supervision for the present section 922(g)(1) offense, in sentencing him. Because a criminal defendant has a "due process right to be sentenced based on accurate information," and those facts "must be found by a preponderance of the evidence," we have held that "an indictment or a charge within an indictment, standing alone and without independent substantiation, cannot be the basis upon which a criminal punishment is imposed." *United States v. Juwa*, 508 F.3d 694, 700–01 (2d Cir. 2007). Rather, "[s]ome additional information, whether testimonial or documentary, is needed to provide evidentiary support for the charges and their underlying facts" before an indictment may be relied on by a sentencing judge. *Id.* at 701. A court may consider hearsay evidence in support of the charges in an indictment so long as

the evidence is accompanied by "some minimal indicia of reliability." *United States v. Martinez*, 413 F.3d 239, 244 (2d Cir. 2005) (internal quotation marks omitted).

Here, the district court did not rely on the mere fact that charges were pending against Chatman in state court. For starters, the court received a violation of release report from the Pretrial Services Agency for the Eastern District of New York reflecting that Chatman had been arrested on the indictment and that the Pretrial Services officer had spoken to the arresting officer who reported that Chatman was captured on video selling fentanyl to an undercover officer in the lobby of his apartment building. Mar. 22, 2023 Pretrial Services Mem. at 1. The government corroborated this information in its motion to revoke bond, and at the subsequent bond revocation hearing the prosecuting Assistant United States Attorney confirmed that he had received this information from speaking with the Assistant District Attorney on the state drug case.

Further, the Probation Office obtained the underlying NYPD arrest report, which was then summarized in the Presentence Investigation Report ("PSR") and reviewed by the district court prior to Chatman's sentencing. That report

similarly described how Chatman allegedly sold fentanyl in pill form representing it to be oxycodone to undercover officers while on pretrial supervision.

Although Chatman "d[id] not concede that he committed the offenses alleged in the NYPD arrest report" as summarized in paragraph 33 of the PSR, App'x at 85, he did not dispute that the charges were pending, challenge the accuracy of the PSR's description of the NYPD report, question the authenticity of the video referenced or the veracity of the undercover officers to whom he allegedly sold the drugs, or seek a *Fatico* hearing on the conduct described in the PSR. Even now, Chatman does not dispute the accuracy of the PSR's description of the NYPD report itself. Nor does he explain why the information relayed by the government from its state counterparts or from the NYPD arrest report lacks a "minimal indicia of reliability." *Martinez*, 413 F.3d at 244 (internal quotation marks omitted).

Chatman nevertheless cites to the Seventh Circuit's decision in *United States v. Terry*, 930 F.2d 542 (7th Cir. 1991), for the proposition that "an arrest record by itself cannot be reliable information that [a] defendant engaged in prior criminal conduct." *Id.* at 545 (internal quotation marks omitted). But *Terry* actually cuts against Chatman's argument. In *Terry*, the Seventh Circuit *rejected* the

defendant's challenge to the district court's findings because, like here, "[t]he sentencing court did not rely solely on [the defendant's] arrest record." *Id.* Rather, the charges "were described in the presentence report, which was prepared in turn from police investigation reports," that "at least arguably contain[ed] reliable information about [the defendant's] prior [criminal] conduct." *Id.* at 545–56; *see also United States v. Marrero-Pérez*, 914 F.3d 20, 24 (1st Cir. 2019) (remanding for resentencing where "the specific conduct underlying the dismissed charges was not, as sometimes happens, set forth in undisputed portions of the PSR").

Although Chatman is correct that the district court misstated the law when it announced that "an indictment . . . means that there was a finding by a preponderance of the evidence that you committed the crimes alleged," App'x at 188, the record and remainder of the sentencing transcript reflect that the court in fact did consider the additional supporting information presented, *see id.* at 187 (acknowledging that the "sales [ ] were video recorded" and made "to undercover officers" in "his residential building"). We therefore conclude the district court did not commit procedural error in relying on the facts set forth in paragraph 33 of the PSR.

Finally, we review the substantive reasonableness of Chatman's sentence for abuse of discretion. *See United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014). A sentence is "substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," such as where the sentence is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Id.* at 259 (internal quotation marks omitted). "A major departure should be supported by a more significant justification than a minor one," though we do "not employ a rigid mathematical formula" regarding "the percentage of a departure" and "the strength of the justifications required." *United States v. Stewart*, 590 F.3d 93, 135 (2d Cir. 2009) (alteration accepted and internal quotation marks omitted).

Although both parties advocated for a sentence within the 15-to-21-month Guidelines range contemplated by the plea agreement, the district court independently calculated the Guidelines range to be 24 to 30 months after applying the four-level enhancement described above. It was within the district court's discretion to then impose an above-Guidelines sentence of 48 months. The Guidelines are "a starting point" for district courts, and courts must "make an

9

independent sentencing determination, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant." *Thavaraja*, 740 F.3d at 259 (internal quotation marks omitted). The record reflects that the district court weighed the relevant mitigating and aggravating factors and offered reasonable justifications for imposing the above-Guidelines sentence. The court discussed how Chatman's criminal history score understated "his criminal history because points were not assessed for some of his [multiple] prior convictions." App'x at 187. The district court was understandably troubled that, notwithstanding Chatman's past time in prison, he was not deterred from "fir[ing] that weapon" "in broad daylight, in a residential neighborhood." *Id.* Finally, the court noted that even *after* he was charged with the section 922(g)(1) violation, Chatman engaged in the sale of controlled substances from the very apartment in which he was on home detention – effectively "thumb[ing] [his] nose at the court and at the justice system." *Id.* at 188. For all these reasons, we cannot say that the district court's sentence of 48 months' imprisonment – an 18-month variance from the top of the Guidelines range – was shockingly high or substantively unreasonable.

\*     \*     \*

We have considered Chatman's remaining arguments and find them to be
without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court