**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4391

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FREDRICK ABRAHAM MCKENZIE, a/k/a Camron
Darnell Lewis, a/k/a Jamaican Vince, a/k/a
Vince,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence. Terry L. Wooten, District Judge.
(CR-04-556)

Submitted: November 30, 2005      Decided: January 10, 2006

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

John Terrence Mobley, Columbia, South Carolina, for Appellant.
Jonathan S. Gasser, Acting United States Attorney, Alfred W.
Bethea, Jr., Assistant United States Attorney, Florence, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Fredrick Abraham McKenzie pled guilty to possession of five kilograms or more of cocaine with intent to distribute, 21 U.S.C. § 846 (2000), and was sentenced to a term of 264 months imprisonment. McKenzie appeals his sentence, asserting that the district court clearly erred in calculating his guideline range and that his sentence under the remedial scheme set out in United States v. Booker, 125 S. Ct. 738 (2005), was imposed in violation of the Ex Post Facto Clause and the Confrontation Clause. For the reasons explained below, we affirm in part, vacate in part, and remand for resentencing.

The factual basis for McKenzie's guilty plea established that he had supplied over twenty kilograms of cocaine to at least five cooperating defendants in Horry County, South Carolina, between 2001 and his arrest in May 2004. The presentence report summarized the information they provided about his cocaine sales to crack cocaine dealers and his use of a firearm. McKenzie also cooked a quarter kilogram (250 grams) of cocaine into crack on one occasion and Milton Gause, one of the cooperating defendants, bought 2.5 ounces (70.88 grams) of crack from McKenzie ten to fifteen times (ten times = 708.75 grams). McKenzie admitted cooking cocaine into crack on several occasions for Gause.

At the sentencing hearing in March 2005, the district court overruled McKenzie's objection to the use of the guidelines

as unconstitutional; calculated a base offense level of 38 under U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2003) (1.5 kgs of crack or more) on the ground that it was reasonably foreseeable that his customers would convert the cocaine they bought from him to crack; approved a two-level weapon enhancement, USSG § 2D1.1(b)(1), a two-level aggravated role adjustment under USSG § 3B1.1(c); a three-level adjustment for acceptance of responsibility, USSG § 3E1.1; and determined that McKenzie was not eligible for a reduction under the safety valve provision in § 2D1.1(b)(6). The resulting advisory guideline range was 262-327 months. The court imposed a sentence of 264 months.

On appeal, McKenzie first argues that the district court clearly erred in using crack to calculate his base offense level. United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996) (standard of review). A defendant involved in a joint criminal undertaking may be held responsible for relevant conduct that includes all reasonably foreseeable conduct of his co-conspirators that is in furtherance of the conspiracy. USSG § 1B1.3(a)(1)(B). When there is no drug seizure or the drug seized does not reflect the scale of the offense, the sentencing court should approximate the amount of the drugs for which the defendant is responsible. USSG § 2D1.1, comment. (n.12).

McKenzie argues that his customers' conversion of the cocaine he sold them to crack was not reasonably foreseeable to

him.  However, McKenzie did not challenge the statement in the presentence report that his customers were crack dealers, and because he lived in the community for a while, the district court could infer that he was aware that his customers were selling crack.  Moreover, undisputed information in the presentence report established that McKenzie had personal involvement with almost a kilogram of crack.  We therefore conclude that the district court did not clearly err in (1) finding that it was reasonably foreseeable to McKenzie that his co-conspirators would convert the cocaine he sold them to crack and (2) holding him responsible for at least 1.5 kilograms of crack.

McKenzie is on more solid ground in his challenge to the district court's determination that he was a leader, organizer, manager or supervisor in the offense.  This issue is also reviewed for clear error.  United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002).  McKenzie asserts that the two-level role adjustment was unsupported because there was no evidence in the record that he did any more than sell cocaine.  We agree.  McKenzie correctly argues that his case is similar to Sayles, 296 F.3d at 224-27 (refusing to uphold two-level role adjustment where defendants bought and sold large amounts of cocaine but the government did not present evidence of any factors listed in Application Note 4 to USSG § 3B1.1 that indicate an aggravated role).

For the adjustment to be given because a defendant was a leader, the defendant must have controlled others. United States v. Carter, 300 F.3d 415, 426 (4th Cir. 2002) (defendants were principal suppliers of crack to street dealers and two witnesses testified that more than ten people worked for them). A defendant is an organizer if he coordinates others to promote the criminal activity. United States v. Picanso, 333 F.3d 21, 23-24 (1st Cir. 2003) (wholesale drug dealer was primary drug supplier and boasted that he could shut down co-defendant's distribution if he chose). A defendant who is deemed a manager or supervisor must have directed the activities of others. United States v. Turner, 319 F.3d 716, 725 (5th Cir. 2003) (defendant directed another who sent and received packages and stored marijuana for him). In McKenzie's case, the only evidence offered in support of the role adjustment was his sale of large quantities of cocaine and the government acknowledged at sentencing that McKenzie was only one of a number of suppliers to the local dealers. Although the government asserted and the district court found that McKenzie recruited others, no specific information supported the finding.

On the record before us, we conclude that the district court clearly erred in giving McKenzie a role adjustment. Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767.

Under United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), before imposing a sentence that is "within the statutorily prescribed range and . . . reasonable." Id. In sentencing McKenzie, the district court did not consider "the appropriate guideline range."

McKenzie next contends that his sentence was imposed in violation of the Ex Post Facto Clause because, by making the guidelines advisory, Booker effectively raised the statutory maximum sentence from the top of the applicable guideline range (as Booker held it was previously), to the maximum penalty allowed under the statute. We find this claim to be without merit. See United States v. Jamison, 416 F.3d 538 (7th Cir. 2005); United States v. Lata, 415 F.3d 107 (1st Cir. 2005); United States v. Scroggins, 411 F.3d 572 (5th Cir. 2005); United States v. Duncan, 400 F.3d 1297, 1306-08 (11th Cir.), cert. denied, 126 S. Ct. 432 (2005).

Finally, citing Crawford v. Washington, 541 U.S. 36 (2004), which held that the Confrontation Clause prohibits admission of testimonial statements that are not subject to cross-examination, McKenzie contends that the Confrontation Clause should

- 6 -

apply to the district court's consideration of information in the presentence report that increased his guideline sentence. We find no merit in his position. See <u>United States v. Chau</u>, 426 F.3d 1318, 1323 (11th Cir. 2005); <u>United States v. Roche</u>, 415 F.3d 614, 618 (7th Cir.), <u>cert. denied</u>, ___ U.S. ___, 2005 WL 3027861 (U.S. Nov. 14, 2005) (No. 05-7031); <u>United States v. Luciano</u>, 414 F.3d 174, 179 (1st Cir. 2005); <u>United States v. Martinez</u>, 413 F.3d 239, 243-44 (2d Cir. 2005).

For the reasons discussed, we vacate the sentence and remand the case for resentencing without the aggravated role adjustment. We affirm the sentence in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART, AND REMANDED</u>