**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4007**

---

UNITED STATES OF AMERICA,

                                 Plaintiff - Appellee,

       versus

RAYMOND R. LACHANCE, JR.,

                                 Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District Judge.  (CR-04-427-SB)

---

Submitted:  March 7, 2007          Decided:  April 5, 2007

---

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, PA, Beaufort, South Carolina, for Appellant.  Robert Hayden Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Raymond R. LaChance, Jr., pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and a quantity of marijuana, in violation of 21 U.S.C. § 846 (2000) (Count One), and possession with intent to distribute and distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000) (Count Two). The district court sentenced LaChance to 276 months' imprisonment on Count One and a concurrent 240 months' imprisonment on Count Two. LaChance timely appealed. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious grounds for appeal, but questioning whether the district court erred in determining LaChance's sentence. LaChance filed a pro se supplemental brief asserting additional claims.

LaChance first argues that United States v. Booker, 543 U.S. 220 (2005), requires a sentencing court applying the advisory federal sentencing guidelines to make fact findings beyond a reasonable doubt. This assertion is without merit. See United States v. Grier, 475 F.3d 556, ___, 2007 WL 314102, at *7 (3d Cir. Feb. 5, 2007) (en banc) (collecting cases). Additionally, LaChance contends that the Confrontation Clause should apply to the district court's consideration of information in the presentence report that increased his guideline sentence. In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that the Confrontation Clause prohibits the admission of testimonial statements that are

- 2 -

not subject to cross-examination.  Id. at 50-51.  Several circuits have held that Crawford did not make the Confrontation Clause applicable at sentencing.  See United States v. Katzopoulos, 437 F.3d 569, 576 (6th Cir. 2006); United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005); United States v. Roche, 415 F.3d 614, 618 (7th Cir.), cert. denied, 126 S. Ct. 671 (2005); United States v. Luciano, 414 F.3d 174, 179 (1st Cir. 2005); United States v. Martinez, 413 F.3d 239, 243-44 (2d Cir. 2005), cert. denied, 126 S. Ct. 1086 (2006).  In light of these decisions, we conclude that LaChance's position is without merit.

We have thoroughly reviewed the issues raised in LaChance's pro se supplemental brief and find they do not warrant relief.  In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm LaChance's conviction and sentence.  LaChance's pro se motion for substitution of counsel is denied.

This court requires that counsel inform LaChance, in writing, of the right to petition the Supreme Court of the United States for further review.  If LaChance requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on LaChance.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED