UNITED STATES of America,
Appellee,

v.

David MARTINEZ, Defendant–
Appellant.

Docket No. 04–2075–CR.

United States Court of Appeals,
Second Circuit.

Argued: March 23, 2005.

Decided: June 24, 2005.

Benjamin M. Lawsky, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney, Karl Metzner, Assistant United States Attorney, on the brief), New York, NY, for appellee.

Donna R. Newman, New York, NY, for defendant-appellant.

Before: SOTOMAYOR, RAGGI and HALL, Circuit Judges.

SOTOMAYOR, Circuit Judge.

Appellant David Martinez ("Martinez") appeals from a judgment entered on April 19, 2004, in the United States District Court for the Southern District of New York (Preska, J.), sentencing him principally to 115 months' imprisonment for violation of 18 U.S.C § 922(g)(1), which prohibits the possession of firearms by convicted felons. Martinez argues, *inter alia,* that the district court violated his right to confront witnesses and to a trial by jury under the Fifth and Sixth Amendments when it considered during sentencing several out-of-court statements that witnesses made to the police against Martinez. Because the constitutional right of confrontation does not bar the consideration of hearsay testimony at sentencing proceedings, we AFFIRM the judgment of the district court insofar as it rejected the Sixth Amendment claims but REMAND the case for consideration of whether to resentence in accordance with *United States v. Booker,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

## BACKGROUND

On January 2, 2002, Martinez, while under the influence of phencyclidine (PCP), went to the apartment of Sandra Green to avenge a friend whom Green had allegedly punched the night before. When Green opened the door for Martinez, he immediately punched her in the face, setting off a struggle between Martinez and several people in the apartment, including Raheim Lucas. In the melee, Martinez and Lucas allegedly exchanged gunshots, leaving Martinez wounded.

Police officers arriving at the scene found Martinez across the street from the building, suffering from a gunshot wound. While waiting for the arrival of paramedics, Martinez falsely explained to Detective James Slattery that he been shot by two men who had attempted to steal his radio. Slattery initiated an investigation at the

apartment building, discovering ballistics damage and a shell casing immediately outside the apartment where the incident occurred.[1] He interviewed and obtained signed written statements from various witnesses to the altercation, including Sandra Green, Yvonne Clark and Desmond Moore. On January 9, 2002, Slattery also interviewed Martinez at the hospital. Martinez recanted his initial story regarding the events of January 2 and admitted to an account substantially similar to that provided by Green, Clark and Moore.[2]

On December 9, 2002, Martinez pled guilty under 18 U.S.C. § 922(g)(1) to unlawful possession of a firearm after having been convicted of a felony. Thereafter, in a letter dated May 15, 2003, Martinez requested a hearing pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir.1978), to resolve certain factual issues crucial to determining whether sentencing enhancements recommended in his presentence report were appropriate. Specifically, Martinez disputed the recommended enhancements for use of a weapon during the commission of another felony under United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(b)(5)[3] and obstruction of justice under § 3C1.1[4]. During the *Fatico* hearing, which the court conducted on May 28

and July 9, 2003, the government called three witnesses and introduced a number of prior admissions by Martinez, as well as Martinez's videotaped testimony before the New York State Grand Jury regarding the events of January 2. Testifying for the government, Slattery provided a detailed account of the events surrounding the altercation based in part upon his interviews with the various witnesses. The district court admitted the witness testimony despite the fact that it was hearsay. Martinez called only one witness, a forensic consultant who testified about his views of the crime scene and evidence.

Crediting Slattery's testimony regarding the participants' and witnesses' accounts of the events that took place on January 2, 2002, the district court found that Martinez possessed and used a weapon in connection with another felony within the meaning of U.S.S.G. § 2K2.1(b)(5). Specifically, the court concluded that Martinez had committed Reckless Endangerment in the First Degree and Attempted Murder under New York law and that he had also violated federal narcotics law. The court imposed a sentence enhancement of four points. *See* U.S.S.G. § 2K2.1(b)(5). The court imposed an additional two-point en-

---

1. Sweeping the vicinity for evidence, the officers ultimately also recovered a .380 caliber handgun and several rounds of ammunition in a garbage can near Martinez.

2. The parties' accounts differ over whether Martinez fired his gun and whether he shot first. Martinez alleges that Lucas was the only person to fire his weapon, while the Government alleges that Martinez fired first and Lucas fired in response.

3. Section 2K2.1(b)(5) (2003) provides in relevant part:

   If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or trans-

ferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels.

4. Section 3C.1.1 (2003) provides:

   If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

hancement for obstruction of justice. Consistent with its Guidelines determination, the court principally sentenced Martinez to 115 months' incarceration, followed by a three-year period of supervised release. Martinez filed a timely appeal, arguing, *inter alia*, that the district violated his right to confront witnesses and to due process under the Fifth and Sixth Amendments when it considered hearsay testimony at sentencing.

## DISCUSSION

■ The Confrontation Clause of the Sixth Amendment guarantees the right of the accused "to be confronted with the witnesses against him" in all criminal prosecutions. U.S. Const. amend. VI. The right of confrontation is also a fundamental component of the constitutional guarantee of due process of law. *See Specht v. Patterson*, 386 U.S. 605, 609–10, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967); *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); *Howard v. Walker*, 406 F.3d 114, 131 (2d Cir.2005). Both the Supreme Court and this Court, however, have consistently held that the right of confrontation does not apply to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings. *See Williams v. Oklahoma*, 358 U.S. 576, 584, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959) ("[O]nce the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court . . . ."); *Williams v. New York*, 337 U.S. 241, 246–51, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) ("[M]odern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adher-

ence to restrictive rules of evidence properly applicable to the trial."); *United States v. Simmons*, 164 F.3d 76, 79 (2d Cir.1998) ("Generally, sentencing judges are not restricted to information that would be admissible at trial. Any information may be considered, so long as it has sufficient indicia of reliability to support its probable accuracy." (citation and internal quotation marks omitted)); *United States v. Streich*, 987 F.2d 104, 107–08 (2d Cir. 1993) ("[Defendant] also asserts that the district court's reliance upon the PSR violated his rights under the Confrontation Clause of the United States Constitution . . . . [However,] this circuit allows the consideration of hearsay testimony at sentencing."); *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir.1989) ("[A]ll of the strict procedural safeguards and evidentiary limitations of a criminal trial are not required at sentencing. It is not a denial of due process for the trial judge, when determining sentence, to rely on evidence given by witnesses whom the defendant could neither confront nor cross-examine." (internal citations omitted)); *United States v. Orozco–Prada*, 732 F.2d 1076, 1085 (2d Cir.1984) (holding that the "argu[ment] that the court's reliance on hearsay evidence on the issue of fraud at sentencing violated the due process and confrontation clauses . . . [wa]s without merit [because] there is no question that hearsay evidence may be used at sentencing"); *United States v. Fischer*, 381 F.2d 509, 511 (2d Cir.1967) (rejecting a Sixth Amendment right of confrontation challenge and noting that "weighty countervailing policies have led the Supreme Court to hold that the constitutional guaranty of [the] right [to confront witnesses] has no application at the sentencing stage of a criminal prosecution"); *cf. Witte v. United States*, 515 U.S. 389, 398, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) (noting that "[a]s a general

proposition, a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he [or she] may consider, or the source from which it may come." (alteration in original) (citation and internal quotation marks omitted)). These cases foreclose Martinez's claim that the district court violated his Sixth Amendment rights to confront witnesses and to a jury trial when it considered hearsay in imposing his sentence.[5]

Martinez argues that we must reconsider our case law regarding the right of confrontation in the sentencing context to the extent that it conflicts with *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) and *United States v. Booker,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We disagree. In *Crawford,* the Supreme Court held that the Confrontation Clause imposes at trial "a *per se* bar on the admission of out-of-court testimonial statements made by unavailable declarants where there was no prior opportunity for cross-examination." *United States v. McClain,* 377 F.3d 219, 221 (2d Cir.2004) (citing *Crawford,* 541 U.S. at 61–62, 124 S.Ct. 1354). In *Booker,* the Supreme Court held that the United States Sentencing Guidelines Manual violated the Sixth Amendment by requiring judges to enhance sentences beyond the maximum sentence authorized by the facts established by a plea of guilty or a jury verdict. *See* 125 S.Ct. at 756. The Court excised the mandatory provision of the Guidelines, 18 U.S.C. § 3553(b)(1), making the Guidelines "advisory." *Booker,* 125 S.Ct. at 756–57. Neither *Crawford* nor

*Booker,* however, addressed the applicability of the right of confrontation to the sentencing context or the admissibility of hearsay testimony at sentencing proceedings. These cases therefore provide no basis to question prior Supreme Court decisions that expressly approved the consideration of out-of-court statements at sentencing. *See Bach v. Pataki,* 408 F.3d 75, 86 (2d Cir.2005) (noting the Supreme Court's admonition that " 'courts should [not] conclude [that] more recent [Supreme Court] cases have, by implication, overruled an earlier precedent.' ") (alterations in *Bach* ) (quoting *Agostini v. Felton,* 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997)). Nor did *Crawford* or *Booker* so undermine the rationale of Second Circuit precedent involving the consideration of hearsay testimony at sentencing that we may now overrule the decisions of earlier panels of this Court. *See In re Sokolowski,* 205 F.3d 532, 534–35 (2d Cir. 2000) (per curiam) (explaining that a panel of this Court may not overrule the holding of an earlier panel unless the earlier panel's rationale is overruled, implicitly or expressly, by the Supreme Court or by this Court sitting *en banc* ).

We find it significant, moreover, that judges imposing sentence in accordance with *Booker* may exercise greater discretion than they could have exercised under the pre-*Booker* regime. *See Booker,* 125 S.Ct. at 756–57 (holding that the United States Sentencing Guidelines are now only advisory); *Crosby,* 397 F.3d at 112 ("[W]ith the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant

---

**5.** Our conclusion that the constitutional right of confrontation does not bar the admission of hearsay testimony at sentencing proceedings is consistent with the holdings of other circuits. *See, e.g., Szabo v. Walls,* 313 F.3d 392, 398 (7th Cir.2002); *United States v. Petty,* 982 F.2d 1365, 1367 (9th Cir.1993); *United States*

*v. Silverman,* 976 F.2d 1502, 1508–11 (6th Cir.1992); *United States v. Wise,* 976 F.2d 393, 402 (8th Cir.1992) (en banc); *United States v. Kikumura,* 918 F.2d 1084, 1102–03 & n.19 (3d Cir.1990); *United States v. Beaulieu,* 893 F.2d 1177, 1180 (10th Cir.1990).

to sentencing will encounter no Sixth Amendment objection."). If consideration of hearsay testimony during a sentence proceeding was not prohibited under a mandatory Guidelines regime, there is no logical basis for concluding that it is prohibited under the system of advisory Guidelines established by *Booker*.

This is not to say, of course, that any and all consideration of hearsay testimony at sentencing proceedings is permissible. The Due Process Clause "is plainly implicated at sentencing," even though it does not require at sentencing "all the procedural safeguards and strict evidentiary limitations of the criminal trial itself." *United States v. Fatico,* 603 F.2d 1053, 1054 (2d Cir.1979) (internal quotation marks and citation omitted); *see also United States v. Egge,* 223 F.3d 1128, 1132 (9th Cir.2000) ("Although the Confrontation Clause does not apply at sentencing, a defendant clearly has a due process right not to be sentenced on the basis of materially incorrect information. Due process requires that some minimal indicia of reliability accompany a hearsay statement." (citation and internal quotation marks omitted)). Nevertheless, for reasons explained in the accompanying summary order, we are satisfied that the district court afforded Martinez due process in the sentencing proceeding at issue here.

## CONCLUSION

Because the Sixth Amendment does not bar the consideration of hearsay testimony at sentencing proceedings, we AFFIRM the judgment of the district court insofar as it rejected the right-to-confrontation claims. Though we reject Martinez's contentions with respect to the right of confrontation and the admissibility of hearsay evidence at sentencing, Martinez is correct that the mandatory application of the Guidelines sentence violated

his Sixth Amendment rights. *See United States v. Booker,* 125 S.Ct. at 756–57 (2005). In light of the Supreme Court's opinion in *Booker,* we REMAND the case to the district court for proceedings consistent with this Court's decision in *United States v. Crosby,* 397 F.3d at 119–20. Any appeal taken from the district court's decision on remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b). We dispose of Martinez's remaining claims in an accompanying summary order.