**UNITED STATES of America,**
**Appellee,**

v.

**Jamar BROWN, Charles A. Johnson, Robert D. Jordan, Wendy Ann Weeks, Jose Colon and Kenneth Moore, Defendants–Appellants.**

No. 05–1174–CR, 05–2353–CR, 05–2697–CR, 05–3422–CR, 05–2293–CR, 05–3971–CR.

United States Court of Appeals, Second Circuit.

Jan. 3, 2006.

Robert G. Smith, Assistant Federal Defender for the Western District of New York, (Jay S. Ovsiovitch, Roxanne Mendez Johnson, on the briefs) Rochester, NY, for Appellants.

Stephan J. Baczynski, Assistant United States Attorney, (Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, on the brief) Buffalo, NY, for Appellee.

Present: ROSEMARY S. POOLER, ROBERT A. KATZMANN and BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

At oral argument, the government requested, and appellants' counsel did not oppose, the consolidation of Kenneth Moore's appeal with that of the other five appellants. The motion to consolidate is hereby GRANTED.

Appellants all challenge their sentences as imposed in violation of the Sixth Amendment. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

All six appellants challenge the enhancement of their sentences based on facts not found by the jury beyond a reasonable doubt or admitted by the defendant as a violation of the Sixth Amendment. This argument is foreclosed by our holding in *United States v. Crosby* that "with the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection." 397 F.3d 103, 112 (2d Cir. 2005). Therefore, this claim must fail.

In addition, appellant Brown challenges the district court's use of hearsay evidence in making factual findings at sentencing as a violation of the Confrontation Clause. We recently rejected this argument in *United States v. Martinez*, 413 F.3d 239, 243 (2d Cir.2005), so this argument also fails.

Finally, appellant Weeks challenges the district court's treatment of her previous remand as one for consideration of whether to resentence rather than for mandatory resentencing. Although, under *United States v. Fagans*, the district court should have vacated Weeks's sentence and resentenced her, 406 F.3d 138, 142 (2d Cir.2005), we find this error to be harmless in light of the district court's explanation of why the original sentence continued to be the most appropriate one. Therefore, we decline to remand Weeks's case a second time.

The motion to consolidate the appeal of Kenneth Moore with the other cases is GRANTED. Based on the foregoing, the judgments of the district courts are AFFIRMED.