**UNITED STATES OF AMERICA,**
**Appellee,**

v.

**Juan GARCIA, Defendant–Appellant.**

**No. 05–4000–CR.**

United States Court of Appeals,
Second Circuit.

Feb. 15, 2006.

David Arredondo, El Monte, CA, for Defendant–Appellant.

Marc P. Berger, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief, John M. Hillebrecht,

Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY and Hon. JOHN R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

Defendant Juan Garcia ("Garcia") appeals from a judgment entered on July 13, 2005, in the United States District Court for the Southern District of New York (Baer, *J.*), convicting him, following a guilty plea, of conspiracy to distribute and possess with intent to distribute five kilograms of cocaine, in violation of 21 U.S.C. § 846. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

■ (1) Garcia argues that the district court erred in imposing a Guidelines sentence based on facts—*i.e.*, drug quantity—that were "not proven beyond a reasonable doubt" or admitted by the defendant during his guilty plea allocution. At sentencing, a district court is "obliged" to find facts, like drug quantity, relevant to sentencing. *See United States v. Garcia*, 413 F.3d 201, 220 n. 15 (2d Cir.2005) (stating even after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "the sentencing judge will be entitled to find all of the facts that the Guidelines make relevant to the determination of a Guidelines sentence and all of the facts relevant to the determination of a non-Guidelines sentence") (quoting *United States v. Crosby*, 397 F.3d 103, 111–12 (2d Cir.2005)).

■ (2) Garcia argues that the district court improperly considered at sentencing the hearsay testimony of a cooperating witness who testified at the trial of Garcia's co-defendants, in violation of the Con-

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting

by designation.

frontation Clause of the Sixth Amendment. "Both the Supreme Court and this Court ... have consistently held that the right of confrontation does not apply to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings." *United States v. Martinez*, 413 F.3d 239, 242 (2d Cir.2005); *see also Williams v. Oklahoma*, 358 U.S. 576, 584, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); *Williams v. New York*, 337 U.S. 241, 246–51, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *United States v. Orozco–Prada*, 732 F.3d F.2d 1076, 1085 (2d Cir.1984).

The Court has considered Garcia's remaining arguments and finds them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.