**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5000

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WARREN SANDERS, a/k/a New York Mike, a/k/a
Charlie Brown, a/k/a William McKinney,

Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (CR-03-86)

Submitted:  February 28, 2006          Decided:  May 8, 2006

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

Vacated and remanded by unpublished per curiam opinion.

John H. Tinney, Jr., James K. Tinney, THE TINNEY LAW FIRM,
P.L.L.C., Charleston, West Virginia, for Appellant.  Kasey Warner,
United States Attorney, Miller A. Bushong, III, Assistant United
States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Warren Sanders appeals the 235-month sentence he received after we remanded his case for resentencing to correct an error in his criminal history calculation. <u>United States v. Sanders</u>, No. 03-4768 (4th Cir. Aug. 27, 2004) (unpublished).[*] Sanders contends that, when he was resentenced in November 2004, the district court erred under <u>United States v. Booker</u>, 543 U.S. 220 (2005), in computing his offense level and applying the guidelines as mandatory, in making fact findings by a preponderance of the evidence, and in considering testimonial hearsay evidence from law enforcement interviews and grand jury testimony summarized in the presentence report. The government does not oppose resentencing. We vacate the sentence and remand for resentencing.

Relying on <u>Booker</u> and <u>United States v. Hughes</u>, 401 F.3d 540 (4th Cir. 2005), Sanders contends that the district court erred in calculating his offense level based on relevant conduct that was more than the five grams of crack he pled guilty to distributing. We conclude that Sanders' sentence was based on judicially found facts concerning the drug quantity in violation of the Sixth Amendment, as interpreted in <u>Booker</u> and <u>Hughes</u>. Resentencing is thus necessary.

---

[*]Sanders pled guilty to distribution of more than five grams of cocaine base (crack) and was initially sentenced to a term of 262 months imprisonment.

We note that Sanders maintains that <u>Booker</u> requires a sentencing court applying the advisory guidelines to make fact findings beyond a reasonable doubt. Neither <u>Booker</u> nor this court's decisions since <u>Booker</u> support his position. <u>See</u> <u>Hughes</u>, 401 F.3d at 557, 560 (applying clearly erroneous standard of review to district court's factual findings). In addition, relying on <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), Sanders contends that the Confrontation Clause should apply to the district court's consideration of information in the presentence report that increased his guideline sentence. In <u>Crawford</u>, the Supreme Court held that the Confrontation Clause prohibits the admission of testimonial statements that are not subject to cross-examination. <u>Id.</u> at 50-51. Several circuits have held that <u>Crawford</u> did not make the Confrontation Clause applicable at sentencing. <u>See</u> <u>United States v. Chau</u>, 426 F.3d 1318, 1323 (11th Cir. 2005); <u>United States v. Roche</u>, 415 F.3d 614, 618 (7th Cir.), <u>cert. denied</u>, 126 S. Ct. 671 (2005); <u>United States v. Luciano</u>, 414 F.3d 174, 179 (1st Cir. 2005); <u>United States v. Martinez</u>, 413 F.3d 239, 243-44 (2d Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1086 (2006). In light of these decisions, we conclude that Sanders' position is without merit.

For the reasons discussed, we vacate the sentence imposed by the district court and remand for resentencing consistent with <u>Booker</u> and <u>Hughes</u>. We dispense with oral argument because the

- 3 -

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED