**UNITED STATES of America,**
Appellee,

v.

**Juan BERROA–NUNEZ, also known as Emeliano Baldomar, Defendant–Appellant.**

No. 04–1723.

United States Court of Appeals, Second Circuit.

Feb. 9, 2007.

John A. Cirando, D.J. & J.A. Cirando, Syracuse, NY, for Appellant.

H. Gordon Hall, Assistant United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, LEONARD B. SAND, District Judge.*

## SUMMARY ORDER

Juan Berroa–Nunez appeals his conviction for conspiracy to distribute cocaine as well as his sentence, which included a 130–month term of imprisonment. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues. We hold as follows.

Berroa–Nunez's challenge to his guilty plea as neither knowing nor volun-

---

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

tary fails because the district court took great care to assure that Berroa–Nunez understood he had a maximum sentencing exposure of forty years and that any Guidelines range estimate his attorney may have given him could be mistaken, thus satisfying its obligations under Federal Rule of Criminal Procedure 11(b)(1)(H). Berroa–Nunez, therefore, cannot demonstrate plain error or even error. *See United States v. Dominguez Benitez,* 542 U.S. 74, 80, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (holding that where a defendant fails to challenge his plea in district court, he must establish plain error).

▪ The district court was allowed to consider hearsay evidence in determining the drug quantity for which Berroa–Nunez was liable. *See United States v. Martinez,* 413 F.3d 239, 243 (2d Cir.2005). Further, some portions of the testimony given by the witness at Berroa–Nunez's sentencing hearing were based on personal knowledge, and the witness's testimony was subject to cross-examination and, to some extent, corroborated by documentary evidence. Therefore, the testimony bore more than the "minimal indicia of reliability" necessary for the consideration of hearsay in a sentencing proceeding. *Id.* at 244.

▪ Berroa–Nunez's claim that the district court did not require the government to establish drug quantity by the preponderance of the evidence is belied by the record, which demonstrates that the district court credited the testimony of the only witness who testified at the sentencing hearing.

▪ Because the district court sentenced Berroa–Nunez prior to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and our first decision applying *Booker, United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), it reasonably treated the Guidelines as mandatory. A *Crosby* remand is thus required.

For the reasons we have discussed, we affirm Berroa–Nunez's conviction and reject his challenges to the district court's Guidelines calculations. We remand this case to the district court for proceedings consistent with *Crosby,* 397 F.3d at 119–20. Any appeal taken from the district court's decision on remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).