**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4761

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCILLON DEBREUS,

Defendant - Appellant.

No. 06-4762

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REYNOLD GELIN,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (4:03-cr-00474-CWH)

Submitted:  November 6, 2007        Decided:  November 27, 2007

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

Brandon S. Long, Gary G. Grindler, Tiffany R. Benjamin, KING &
SPALDING, LLP, Washington, D.C.; David B. Betts, Columbia, South
Carolina, for Appellants. Reginald I. Lloyd, United States
Attorney, Alfred W. Bethea, Assistant United States Attorney,
Florence, South Carolina; Thomas E. Booth, DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francillon Debreus and Reynold Gelin appeal their sentences imposed by the district court upon remand for resentencing consistent with the rules announced in United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005). See United States v. Gelin, No. 04-4486, 2006 WL 521745 (4th Cir. Mar. 3, 2006) (unpublished); United States v. Debreus, No. 04-4517, 2005 WL 1822432 (4th Cir. Aug. 3, 2005) (unpublished). The district court was instructed to first determine the appropriate sentencing range under the guidelines and make all factual findings appropriate for that determination. The court was then instructed to consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and then impose a sentence. The court ordered Debreus be sentenced to life imprisonment, as the court had ordered during the initial sentencing procedure. The sentence was within the guidelines. With respect to Gelin, the court accepted an argument concerning the enhancement for Gelin's role in the offense, lowered by two levels Gelin's offense level and sentenced him to 262 months' imprisonment. Finding no error, we affirm.

Debreus contends his life sentence is so severe, the evidence supporting the enhancements must be proven to a jury

beyond a reasonable doubt. Otherwise, he claims his sentence violates the Sixth and Eighth Amendments.

This court will affirm a sentence if it "is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). A sentence that falls within the properly calculated advisory guidelines range is entitled to a presumption of reasonableness. United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of presumption of reasonableness to within-guidelines sentence).

We find there is no support for Debreus' argument. Because the sentence was based upon the properly calculated guidelines range of imprisonment and the district court was aware the guidelines were advisory and imposed sentence after considering the § 3553(a) factors, we find it reasonable.

Gelin argues that the enhancements to his offense level were based upon testimonial hearsay not subject to cross-examination in violation of Crawford v. Washington, 541 U.S. 36 (2004). He further claims his Fifth Amendment right to due process was violated because the hearsay did not have the indicia of reliability.

In Crawford, the Supreme Court held that the Confrontation Clause prohibits the admission at trial of

testimonial statements that are not subject to cross-examination. Id. at 50-51. None of the courts to have considered the effect of Crawford post-Booker have concluded that the rule announced in Crawford applies at sentencing. See United States v. Katzopoulos, 437 F.3d 569, 576 (6th Cir. 2006) ("Though the cases may be a broad signal of the future, there is nothing specific in Blakely, Booker, or Crawford that would cause this Court to reverse its long-settled rule of law that [the] Confrontation Clause permits the admission of testimonial hearsay at sentencing proceedings."); United States v. Beydoun, 469 F.3d 102, 108 (5th Cir. 2006); United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005) (same); United States v. Luciano, 414 F.3d 174, 179 (1st Cir. 2005) (same); United States v. Martinez, 413 F.3d 239, 243 (2d Cir. 2005) (same). Accordingly, we find Gelin's Crawford argument without merit.

With respect to Gelin's Fifth Amendment argument, the sentencing court may consider any relevant information, including hearsay evidence, provided that the information has "sufficient indicia of reliability to support its probable accuracy." See United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992); see also U.S. Sentencing Guidelines Manual § 6A1.3(a) (2003). We find there was no error when the court considered statements in the PSR from persons who purchased crack cocaine from Gelin. The statements were reasonably reliable. Gelin fails to show how the

statements were not reliable.  Accordingly, Gelin's Fifth Amendment rights were not violated.

We affirm Debreus' and Gelin's sentences.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED