**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4591**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

GARY BERNARD WILLIAMS,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District
Judge.  (1:07-cr-00402-WDQ-1)

———————

Submitted:  August 20, 2009          Decided:  August 31, 2009

———————

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

A.D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, A. David Copperthite, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Bernard Williams was convicted of two counts of distribution of cocaine and one count of distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). At sentencing, the court found, by a preponderance of the evidence, that Williams committed the first degree murder of Robin Welshons, who was intended to be a government witness against Williams. He appeals his sentence, contending that his attorney labored under a conflict of interest and should have been replaced with different counsel. Williams argues also that he had insufficient notice of the government's evidence in support of the finding of murder, and insufficient time to prepare. Last, Williams complains that the evidence was hearsay and that a standard of proof higher than a preponderance of the evidence should be required, given the significant increase in sentence to which he was subject based on the relevant conduct. We affirm.

First, Williams argues that his attorney had a conflict of interest and that he was not questioned as to whether he wished to proceed with current counsel or have new counsel appointed. We find that there was no conflict, thus, the duty to inquire never arose. Defense counsel requested that an attorney be present on her behalf at Williams' sentencing hearing because she had heard that Williams' parents believed

2

that she encouraged or convinced Williams to murder Welshons. She wanted counsel present to protect her interest, if the need arose.

Upon inquiry from the court, the government stated that it had no evidence that implicated counsel in Welshons' death. Further, the prosecutor explained that, Williams' family believed that, after reviewing the evidence with his lawyer, Williams conceived of the plan to kill Welshons. At no time during the sentencing hearing was any evidence presented that implicated counsel in the death of Welshons; thus, her concern about a possible conflict never came to fruition.

Williams asserts that counsel, by expressing her concern over a conflict, conceded that he did commit the murder. Upon review of the sentencing transcripts, we find no such concession by counsel. To the contrary, counsel stated that Williams' family believed that he did, but counsel argued strongly that the evidence did not support a finding that Williams was guilty of the murder, and she aggressively cross-examined the testifying officers. Moreover, counsel hired an investigator to interview Williams' family members, and she was successful in producing evidence to undermine their credibility.

Williams asserts that the court should have inquired of him whether he wished to continue with present counsel. Because this issue is raised for the first time on appeal, our

3

review is for plain error. United States v. Walker, 112 F.3d 163, 166 (4th Cir. 1997).

If an attorney faces disciplinary action or criminal charges based on his actions on behalf of a client, the attorney cannot pursue the client's interests free from concern for his own. United States v. Merlino, 349 F.3d 144, 152 n.3 (3d Cir. 2003). Here, however, the dialogue between the court and the prosecutor makes clear that no disciplinary action or criminal charge would result. Because there was no apparent conflict and none arose during the remainder of the sentencing hearing, we find that it is not clear from the record that any error occurred in not inquiring of Williams whether he wished to proceed with current counsel. Cf. United States v. Jones, 381 F.3d 114, 121 (2d Cir. 2004) (upholding court's disqualification of counsel where there was a risk that counsel would be called to testify at defendant's trial). Here, there was no conflict, thus, no duty to inquire. Although Williams asserts that he is not claiming that counsel was ineffective, to the extent that his claims challenge the adequacy of his representation, we find that they are not properly before this court on direct review because it does not conclusively appear from the record that counsel provided ineffective representation. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006) (holding that claims of ineffective assistance of counsel are not

4

reviewable on direct appeal unless ineffectiveness conclusively appears from the record).

Williams also asserts that his Sixth Amendment rights were violated when the court failed to grant a continuance to provide him a reasonable opportunity to rebut the government's evidence. We note that Williams had sufficient notice that the Government was seeking a life sentence based on relevant conduct of murder. Moreover, at the initial sentencing hearing, the government presented the testimony of Detective Licato describing statements made to him by Williams' father. William's attorney asked for a one-week continuance, stating that, while she knew the government intended to prove that Williams murdered Welshons, she did not know what the evidence would be. The court granted a continuance of one week, stating that more time would be allowed if counsel needed it. Counsel did not move for a further continuance and did not request additional time. Rather, after the week-long continuance, counsel was prepared to cross-examine Detective Licato and to present evidence from an investigator who had interviewed Williams' father—the primary witness against him.

We find no plain error by the court in not granting a continuance that was never requested. See United States v. Walker, 112 F.3d 163, 166 (4th Cir. 1997). Further, our review

of the sentencing hearing transcripts gives no indication that counsel had inadequate time to prepare for Williams' sentencing.

Williams also contends that the court erred by allowing hearsay evidence to prove relevant conduct, which resulted in an increase in his sentence. The traditional rules of evidence are not applicable to sentencing proceedings. See Fed. R. Evid. 1101(d)(3). Thus, the district court may consider any related and reliable evidence before it, including hearsay, in establishing relevant conduct. United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991); see Fed. R. Evid. 1101(d)(3). Moreover, Crawford v. Washington, 541 U.S. 36, 50-51 (2004) (holding that Confrontation Clause prohibits the admission at trial of testimonial statements that are not subject to cross-examination) did not alter the general rule that hearsay evidence admitted at sentencing does not violate a defendant's confrontation rights. See United States v. Bras, 483 F.3d 103, 109 (D.C. Cir. 2007); United States v. Beydoun, 469 F.3d 102, 108 (5th Cir. 2006); United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005) (same); United States v. Luciano, 414 F.3d 174, 179 (1st Cir. 2005) (same); United States v. Martinez, 413 F.3d 239, 243 (2d Cir. 2005) (same).

Lastly, Williams contends that an inappropriate standard of proof was applied to find his involvement in the murder of Welshons and that the evidence was insufficient to

6

justify the increased sentence. He notes that some courts have held that a higher level of proof than the preponderance standard may be appropriate where there is a significant increase in the sentence. See United States v. Shonubi, 103 F.3d 1085, 1087-92 (2d Cir. 1997); United States v. Paster, 173 F.3d 206, 216 (3d Cir. 1999) (applying a "clear and convincing" standard where findings resulted in a nine-level upward departure).

This court has consistently upheld the use of the preponderance standard for judicial fact-finding at sentencing. See United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). This standard applies even where the defendant faces a significant increase in the guideline offense level, as in the application of the murder cross reference. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Here, the district court thoroughly analyzed the evidence and determined that, based on the evidence presented, it was more likely than not that Williams committed the first degree murder of Robin Welshons. We find that this determination is supported by a preponderance of the evidence, and the resulting sentence does not exceed the statutory maximum authorized by the jury's verdict. See 21 U.S.C. § 841(b)(1)(A) (2006) (providing for maximum sentence of life); United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008), cert. denied, 129 S. Ct. 950 (2009);

7

see also United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009) (holding that, after Booker, district courts may "continue to make factual findings by a preponderance of the evidence," including relying on acquitted conduct).

Accordingly, we affirm the district court's determination, by a preponderance of the evidence, that Williams committed first degree murder as conduct related to his drug trafficking offenses of conviction. We therefore affirm Williams' life sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED