**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4044**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

CHRISTOPHER SMITH,

       Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Louise W. Flanagan, Chief District Judge.  (5:09-cr-00176-FL-1)

Submitted:  April 29, 2011        Decided:  May 19, 2011

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Smith pled guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and was sentenced to 121 months in prison. He now appeals, challenging his sentence. We affirm.

I

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Seay, 553 F.3d 732, 742 (4th Cir.), cert. denied, 130 S. Ct. 127 (2009). We first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

We next "consider the substantive reasonableness of the sentence imposed." Id. At this stage, we "take into account the totality of the circumstances." Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an

2

individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). We afford a presumption of reasonableness to a within-Guidelines sentence. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see also Rita v. United States, 551 U.S. 338, 347 (2007).

II

According to Smith's presentence investigation report, he was responsible for 224.15 grams of crack cocaine, for a base offense level of 32. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2009). This amount consisted of 25.7 grams of crack found in Smith's vehicle when he was arrested and an additional seven ounces (198.45 grams) that a confidential informant reported he had purchased from Smith.

Smith objected to inclusion of the 198.45 grams as relevant conduct. At sentencing, the district court heard testimony from Officer Phillip Lewis that the confidential informant told Lewis that he had purchased seven or eight ounces of crack from Smith between 2007 and 2009. Lewis was aware that federal authorities had recordings of a suspected drug dealer stating that Smith also was selling drugs. Lewis testified that the informant had provided law enforcement officers with accurate information about both Smith and a third drug dealer.

3

Under Lewis' direction, the informant set up a controlled buy of crack cocaine from Smith on January 30, 2009.

Following Lewis' testimony, the district court held that the Government had established by a preponderance of the evidence that the disputed 198.45 grams of crack cocaine was properly included as relevant conduct. Smith contends that this was error.

We review the district court's factual finding for clear error. United States v. Jeffers, 570 F.3d 557, 570 (4th Cir.), cert. denied, 130 S. Ct. 645 (2009). Clear error occurs "when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Mosko, 515 F.3d 319, 324 (4th Cir. 2008) (internal quotation marks omitted).

We hold that the district court did not clearly err in finding that Smith was responsible for seven ounces, or 198.45 grams, of crack. First, hearsay evidence is admissible at sentencing. Fed. R. Evid. 1101(d)(3). Also, the informant had proven to be reliable both with respect to information about Smith (for instance, the informant accurately described Smith's car) and in connection with another drug investigation. Additionally, Smith was already suspected to be a drug dealer, as evidenced by the recorded statements. Finally, the informant

4

easily arranged the controlled purchase of one ounce of crack,[*] suggesting that Smith previously had sold crack to the informant. Under these circumstances, it was not clear error for the district court to include the disputed amount of crack as relevant conduct.

In a related argument, Smith contends that the court's reliance on hearsay evidence to determine relevant conduct violated Crawford v. Washington, 541 U.S. 36 (2004). In Crawford, the Supreme Court held that the Confrontation Clause prohibits the admission at trial of testimonial statements that are not subject to cross-examination. Id. at 50-51. We reject Smith's argument, and note that none of the circuits to have considered Crawford following United States v. Booker, 543 U.S. 220 (2005), have concluded that the rule announced in Crawford applies at sentencing. See United States v. Katzopoulos, 437 F.3d 569, 576 (4th Cir. 2006); United States v. Beydoun, 469 F.3d 102, 108 (5th Cir. 2006); United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005); United States v. Luciano, 414 F.3d 174, 179 (1st Cir. 2005); United States v. Martinez, 413 F.3d 239, 243 (2d Cir 2005).

---

[*] This transaction was not consummated because, prior to the scheduled purchase, officers conducted a traffic stop of Smith's vehicle.

5

III

Smith also argues that the district court committed procedural and substantive error when it allegedly failed to acknowledge his argument that a downward variance was warranted because of pending legislation that would have changed the powder-to-crack ratio in the Guidelines. The record refutes Smith's claim.  The court plainly rejected his request for a downward variance, stating, "I'm . . . not inclined to vary from the guidelines because I think you've gotten a free pass about every . . . way you've looked over the past few years."  The court noted that Smith had received very lenient sentences for drug offenses in state court.  Further, Smith's drug dealing had harmed the community, which needed protection from his actions, and there was a need to deter such conduct in the future.  We are satisfied from the court's explanation of the sentence, including the denial of the requested variance, that the court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'" Carter, 564 F.3d at 328 (quoting Rita, 551 U.S. at 356).


IV

We hold that the arguments raised on appeal lack merit and that Smith, who was sentenced at the bottom of his advisory Guidelines range of 121-151 months, failed to rebut the

6

presumption that his sentence is procedurally and substantively reasonable. We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
