United States v. Vasquez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of October, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         ROSEMARY S. POOLER,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    15-1638

RICHARD VASQUEZ, AKA BIGGIE
         Defendant-Appellant,
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          DANIEL S. PARKER, Parker & Carmody, LLP, New York, New York.

1

**FOR APPELLEE:**     MICHAEL FERRARA, for Preet Bharara, United States Attorney for the Southern District of New York (Karl Metzner, on the brief).

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Richard Vasquez appeals from the judgment of the United States District Court for the Southern District of New York (Kaplan, J.) denying his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We conclude that the district court acted within its discretion.

In 2011, Vasquez pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute crack cocaine. At the time, his Sentencing Guidelines range (based primarily on amount) was between 87 and 108 months. The government requested a sentence of 120 months because Vasquez had shot two individuals in a gang dispute, and the district court imposed a sentence of 108 months.

In 2014, the United States Sentencing Commission issued Amendment 782, which reduced the offense level for drug crimes, including cocaine offenses. The Sentencing Commission authorized persons whose Guidelines Ranges had been retroactively reduced to move for reduced sentences pursuant to 18 U.S.C. § 3582(c)(2). Under the changes in Amendment 782, Vasquez's revised Guidelines range would be 70-87 months.

Vasquez filed a § 3582(c)(2) motion with the district court seeking a reduced sentence of 70 months. Vasquez offered four reasons: 1) the change in the Guidelines for offenses based on controlled substances; 2) his youth (aged 20) at the time of his offense; 3) his good behavior and rehabilitation in prison; and 4) the circumstance that, after his federal conviction, a state judge sentenced him to 3-1/2 years in prison for assault with the expectation that his federal and state sentences would run concurrently, whereas the federal and state sentences ran consecutively.

The district court ruled that Vasquez was likely eligible for a sentencing reduction, but that, given his crimes of violence, no sentence reduction was warranted.

Section 3582(c)(2) provides that a district court "may" reduce the term of imprisonment, and we review a district

court's refusal to do so for abuse of discretion. <u>United States v. Borden</u>, 564 F.3d 100, 104 (2d Cir. 2009).

The district court did not abuse its discretion.  It considered all of Vasquez's arguments along with the factors set forth in 18 U.S.C. § 3553(a), and ultimately declined to reduce the sentence given Vasquez's "commission of a number of serious crimes of violence"--namely shooting two people, one in the face.  Vasquez's search for errors is unavailing. The district court *did* consider his youth, prison conduct, and criminal history; it was entitled to consider his shootings in sentencing; and a district court may find facts at sentencing without the right to cross-examination, <u>United States v. Martinez</u>, 413 F.3d 239, 242 (2d Cir. 2005).

For the foregoing reasons, and finding no merit in Vasquez's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4