17-1991-cr
United States v. Donald Fell

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
JOSE A. CABRANES,
BARRINGTON D. PARKER,
*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

v.                                                            No. 17-1991-cr

DONALD FELL

*Defendant-Appellee*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:     WILLIAM B. DARROW, Gregory L. Waples, Assistant United States Attorneys, *for* Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, VT.


APPEARING FOR APPELLEE:     MICHAEL BURT, San Francisco, CA; John Philipsborn, San Francisco, CA; Cathleen Price, New York, NY.

Appeal from a ruling of the United States District Court for the District of Vermont (Geoffrey W. Crawford, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's May 1, 2017 order denying the government's Motion *in limine* for Admission of Deceased Coconspirator Robert Lee's Statements and Letters is AFFIRMED, but on grounds different from those stated by the district court.

We are called on for the third time to resolve issues pertaining to the criminal prosecution of Defendant Donald Fell in relation to the killings of Charles Conway, Deborah Fell ("Debbie"), and Teresca King that took place the morning of November 27, 2000.[1] In July 2014, Fell's conviction and death sentence following a jury trial in the District of Vermont were vacated pursuant to the district court's grant of Fell's *habeas corpus* petition filed under 28 U.S.C. § 2255. *See United States v. Fell*, 2014 WL 3697810 (D. Vt. July 24, 2014). The government did not appeal.

The government will re-try Fell and the parties have consented to a trifurcation of those proceedings pursuant to the Federal Death Penalty Act ("FDPA"), 18 U.S.C. §§ 3591 *et seq*. *First*, the jury will assess Fell's guilt on the indicted charges. *Second*, if Fell is found guilty, the jury will determine if Fell is eligible for a death-sentence pursuant to the terms of the FDPA. To find Fell death-eligible, the jury need find the existence beyond a reasonable doubt of at least one aggravating factor enumerated in 18 U.S.C. § 3592(c) for which Fell was provided pre-trial notice, 18 U.S.C. § 3593(a)(1),

---

[1] We assume familiarity with the facts and record of prior proceedings, including the two previous opinions that this Court has issued in this matter. *United States v. Fell*, 360 F.3d 135 (2d Cir. 2004); *United States v. Fell*, 531 F.3d 197 (2d Cir. 2008).

(2). *See also* 18 U.S.C. §§ 3591(a)(2), 3593(c), 3593(d), 3593(e)(2). *Third*, if Fell is found death-eligible, the jury will engage in the sentence-selection phase. At this third stage, the government and Fell will submit, if they so choose, information as to aggravating and mitigating factors, and the jury will determine the existence of those factors and then weigh those factors to determine if a death-sentence is justified. 18 U.S.C. §§ 3593(c), (e).

Currently *sub judice* before the district court are numerous pre-trial motions filed by both parties. At issue in this appeal, however, is the district court's conclusion as to one pre-trial motion, specifically, the government's motion to introduce at the sentence-selection phase certain hearsay statements made by Robert Lee, Fell's now-deceased alleged accomplice, following his arrest. The district court, after initially concluding that the statements were likely admissible under the FDPA's evidentiary standard, 18 U.S.C. § 3593(c), subsequently suppressed them on the basis that their introduction at sentence-selection was precluded by the Sixth Amendment's confrontation clause.

The government appeals, *see* 18 U.S.C. § 3731, arguing that the Sixth Amendment has no role to play in the sentence-selection phase of an FDPA proceeding. Fell defends the decision and argues in the alternative that the statements are inadmissible under the Fifth Amendment's due process clause, the Eighth Amendment, and the FDPA. After hearing oral argument on November 7, 2017, we reserved decision and ordered the district court to determine whether the statements the government seeks to introduce are sufficiently reliable such that their admission at sentence-selection would not offend the due process clause or the FDPA evidentiary standard, questions it did not reach in its

3

decision. We also ordered the government to identify with precision the specific documents pertaining to its motion. Those documents are: (i) three FBI 302 reports documenting custodial interviews with Lee on December 1, 2000, in the hours following his arrest; (ii) two handwritten statements drafted by Lee following two of his three December 1, 2000 post-arrest custodial interviews with the FBI; (iii) a transcript of a December 2, 2000 custodial interview of Fell conducted by the Vermont State Police; and (iv) certain undated and unsigned handwritten letters purportedly written by Lee from prison following his arrest for his role in the murders of Conway, Debbie, and King.[2] *See* Dkt. No. 103 at 11–12 (2d Cir. Nov. 14, 2017). Each statement broadly inculpates Lee principally in the killings of Debbie and King, while also discussing in detail Fell's role in the murder of all three victims.

After a lengthy hearing following our order, the district court concluded that, except for most of the handwritten letters, the statements by Lee that the government seeks to introduce meet due process and FDPA requirements for reliability. In short, the district court concluded that Lee's statements are sufficiently reliable because they are generally consistent with the evidence that will be admitted at trial.

The district court having now concluded that the Lee statements would be inadmissible at sentence-selection under the Sixth Amendment, but largely admissible under the Fifth Amendment and the FDPA, the issue is ripe for our decision. We

---

[2] On remand to the district court following our oral argument, the government also sought to introduce reports of the Rutland, VT police department documenting police visits to Debbie's home on October 5 and October 6, 2000. The district court concluded that these statements were sufficiently reliable to be introduced at sentence-selection under the due process clause and the FDPA. Because the government did not identify these statements to us in its November 14, 2017 letter, however, we do not think they are properly before us and we come to no conclusion regarding their admissibility at sentence-selection.

4

conclude that the district court erred in holding in its January 19, 2018 order that the statements at issue are sufficiently reliable under the Fifth Amendment's due process clause, and we therefore affirm on this ground alone the district court's order of May 1, 2017 excluding the statements.

The parties do not dispute that evidence must carry sufficient "indicia of reliability" for its admission at sentencing to satisfy due process. *United States v. Martinez*, 413 F.3d 239, 243 (2d Cir. 2005). Upon careful review, we do not think the Lee statements meet this standard.

The record is replete with indications that the Lee statements are unreliable. Lee, an accomplice to Fell's alleged crimes, made the statements while in custody following his arrest, and all but one of the statements at issue were made directly to law enforcement. These are situations in which Lee had a strong incentive not to be truthful. The government does not dispute that Lee lied in his initial statements to the FBI by telling investigators that Fell committed each of the three murders. It was only later that Lee admitted to his direct role in killing Debbie and King, but, as to be discussed, those later statements continued to place blame on Fell in important ways. Moreover, Lee is dead, which means that his statements which have never been tested through adversarial questioning of Lee will never be so tested. Finally, Fell introduced unrebutted evidence that Lee had a well-documented history of not just lying, but of shifting blame to others whenever he found himself in trouble. These factors, taken together, significantly undermine the claim of reliability of Lee's statements and their concomitant admissibility

at sentence-selection. *See United States v. Vera*, 893 F.3d 689, 692–93 (9th Cir. 2018); *U.S. v. Fell*, 360 F.3d 135, 145 (2d Cir. 2004).

With the above in mind, we do not think the statements carry the sufficient indicia of reliability for their admission to satisfy due process. The district court concluded to the contrary because it found Lee's statements to be sufficiently corroborated by other admissible evidence, a common method used by sentencing judges to ensure the reliability of hearsay statements. *See United States v. Fatico*, 579 F.2d 707, 713 (2d Cir. 1978). But, the district court's search for corroboration was deficient. Here, the principal non-statutory aggravating factors the government will seek to prove are that (i) Fell killed Conway or Debbie in a "heinous, cruel, [or] depraved" manner; and (ii) Fell killed each victim to obstruct justice. *See* No. 01-cr-12, Dkt. 1223 at 2–3.

Several portions of Lee's statements go directly to these factors yet are wholly uncorroborated by other evidence. Specifically, Fell and Lee's confessions differ substantially on the following, for which there is almost no other evidence: (i) the reasons Conway and Debbie were killed; (ii) the nature of Conway and Debbie's killing; and (iii) whose initial decision it was to kill any of the victims. The following are just several notable examples. Lee stated that Fell killed Conway because Conway threatened to report Fell and Lee to the police. No. 01-cr-12, Dkt. 1389-1 at 21, 127. But there is no other evidence of Conway's actions or state of mind, and Fell offered no motive in his confession, stating that he just "snapped." No. 01-cr-12, Dkt. 1389-1 at 108, 190, 192–93. Similarly, Lee stated in his confession that Fell told him to kill Debbie. No. 01-cr-12, Dkt. 1389-1 at 22, 128–29. But there is no other evidence that Fell directed Debbie's

6

killing, and Fell stated in his confession that Lee killed Debbie on his own initiative. No. 01-cr-12, Dkt. 1289-1 at 108, 190, 192. In addition, Lee's handwritten letter stated that Fell slammed Debbie's head with a shotgun, Dkt 1319-3 at 27, a fact for which there is neither physical or testimonial corroboration. Finally, Lee stated in his confession that Fell tried to "grab the muscles" out of Conway's slashed neck "and tried to pull them out." No. 01-cr-12, Dkt. 1389-1 at 132. But there is no physical evidence corroborating that gruesome account and Fell said nothing of the sort in his confession.

Consequently, although Lee's statements as a general matter describe a timeline of events and describe certain features of the killings, such as the position of the bodies, similar to that demonstrated by the evidence, including Fell's confession, there are significant elements of those statements that are uncorroborated and that go directly to the non-statutory aggravating factors that the government will seek to prove. The government therefore cannot show that Lee's statements are sufficiently corroborated to overcome our concerns regarding the reliability of the portions of those statements that matter.

For the reasons stated above, admission of the Lee statements at sentence-selection would violate Fell's rights under the Fifth Amendment's due process clause. Our conclusion is consistent with the District Court's order of May 1, 2017, but for reasons different than those stated in that order. Having arrived at this conclusion, we make no statement as to whether the Lee statements should be excluded under the Sixth or Eighth Amendments or the FDPA.

Consequently, we AFFIRM the district court's May 1, 2017 ruling on the government's motion *in limine*, but upon a different basis from that relied upon by the district court.

 

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court